AO 243  
REV 6/82

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District District of Massachusetts |
|---|---|
| Name of Movant<br>James T. Marshall | Prisoner No.<br>19130-038 | 92-10228-MLW<br>92-10228-MLW |
| Place of Confinement<br>Federal Correctional Institution Fort Dix | |

(include name upon which convicted)

UNITED STATES OF AMERICA    v.    JAMES T. MARSHALL  MAGISTRATE JUDGE

(full name of movant)

MOTION   04 10268 MLW

1. Name and location of court which entered the judgment of conviction under attack <u>United States District Court for the District of Massachusetts.</u>

2. Date of judgment of conviction <u>June 24, 1993</u>

3. Length of sentence <u>15 years</u>

4. Nature of offense involved (all counts) <u>Felon in Possession of a Firearm, 18 U.S.C. §922(g).</u>

5. What was your plea? (Check one)
   (a) Not guilty  ☐
   (b) Guilty      ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. Kind of trial: (Check one) **N/A**
   (a) Jury        ☐
   (b) Judge only  ☐

7. Did you testify at the trial?  **N/A**
   Yes ☐  No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐

AO 243
REV 6/82

9. If you did appeal, answer the following:

   (a) Name of court  United States Court of Appeals for the First Circuit.

   (b) Result  Denied

   (c) Date of result  1/5/95

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court  United States District Court for the District of Massachusetts

       (2) Nature of proceeding  §2255 ¶6(1).

       (3) Grounds raised  Petitioner improperly sentenced as a Career Offender; Ineffective Assistance of Counsel, and that Petitioner was not a Felon-in-Possession of a firearm at the time of his arrest and thus was not in violation of 18 U.S.C. §922(g).

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ☐ No ☒

       (5) Result  Denied

       (6) Date of result  6/7/00

   (b) As to any second petition, application or motion give the same information:

       (1) Name of court  United States District for the District of Massachusetts

       (2) Nature of proceeding  Motion to Amend §2255 under Fed.R.Civ.P. 15(c)(1).

       (3) Grounds raised  The Supreme Court's decision in Ring v. Arizona articulating Sixth Amendment jurisprudence functionally amends Title 18 U.S.C. §3553(b) by disallowing sentencing judge, sitting without a jury, to find aggravating circumstances necessary for the imposition of a sentence beyond the maximum punishment.

AO 243
REV 6/82

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result <u>Transferred to the 1st Circuit and denied as a successive motion.</u>

(6) Date of result <u>October 21, 2003.</u>

(c) As to any third petition, application or motion, give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐
(5) Result _____
(6) Date of Result _____

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☒ No ☐
(2) Second petition, etc.  Yes ☐ No ☒
(3) Third petition, etc.   Yes ☐ No ☐

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

<u>Second Petition transferred to the First Circuit and was not appealable then.</u>

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.
CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.
   For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
   Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(4)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Petitioner's sentence violates the Supreme Court's ruling in Ring v. Arizona, 536 U.S. 584 (2002), by allowing a sentencing judge, sitting without a jury, to find aggravating factors increasing the sentence beyond the maximum penalty under the guidelines.

Supporting FACTS (tell your story *briefly* without citing cases or law: Petitioner was charged in an indictment with being a felon-in-possession of a firearm. Petitioner pled guilty to the indictment. Prior to sentencing Petitioner requested more time to review the PSR due to his lawyer failing to review it with him. As a result, Petitioner's lawyer was dismissed but later reinstated. At that time, Petitioner sought a Motion to Withdraw Plea for the reasons of ineffective counsel. Petitioner was denied. At sentencing, Petitioner was sentenced under the Armed Career Criminal Act (ACCA). The court followed the recommendation of the United States Probation Dept. outlined in the PSR and found Petitioner to be an Armed Career Criminal. Petitioner was sentenced to 15 years imprisonment.

B. Ground two: _____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

C. Ground three: _____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

AO 243
REV 6/82

D. Ground four: _____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: Ground 12A - Cause: Newly recognized right by the Supreme Court; initially recognized on 6/24/02.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing  Harold Hakala - Court Appointed

    (b) At arraignment and plea  Harold Hakala - Court Appointed

    (c) At trial  N/A

    (d) At sentencing  Harold Hakala - Court Appointed

(6)

(e) On appeal __Pro-Se__

(f) In any post-conviction proceeding __Pro-Se and with the help of Atty. Barry P. Wilson__

(g) On appeal from any adverse ruling in a post-conviction proceeding __Pro-Se__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   (b) Give date and length of the above sentence: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__January 29, 2004__.
       (date)

_____
       James T. Marshall
       Signature of Movant

(7)

## MEMORANDUM OF LAW IN SUPPORT OF §2255¶6(3)

Petitioner submits that the Supreme Court when deciding Ring v. Arizona, 536 U.S. 584 (2002) announced the fact that Walton v. Arizona, 497 U.S. 639 (1990) could not be reconciled with Apprendi v. New Jersey, 530 U.S. 466 (2000) and said that it was overruled to the extent that Walton had allowed a sentencing judge, sitting without a jury to find an aggravating circumstance necessary for the imposition of the [death penalty]. Additionally, holding that because Arizona's enumerated aggravating factors operated as the functional equivalent of an element of a greater offense, the Sixth Amendment required that they be found by a jury.

The difference is that where Walton remained good law "aggravating factors were not "elements of the offense"; they were "sentencing considerations" guiding the choice between life and death." Walton, 497 U.S. at 648. This result, however, would have reduced Apprendi to a "meaningless and formalistic" rule of statutory drafting. See Apprendi, id., 530 U.S. at 541 (O'Connor, J., dissenting). Instead, the dispositive question "is one not of form, but of effect." See Ring, 153 L.Ed. 2d at 573.

Here, the key distinction to which the Supreme Court in Ring overruled, as asserted in Apprendi, was that a conviction of first-degree murder in Arizona carried a maximum sentence of death; "[O]nce a jury has found the defendant guilty of all the elements of an offense which carries death as its maximum

1

penalty, it may be left to the judge to decide whether that maximum penalty, rather than a lesser one, ought to be imposed. See Ring v. Arizona, 153 L.Ed. 2d 556, 573 citing Apprendi, 530 U.S. at 497.

It follows the argument once raised in Almendarez-Torres, that the Court should simply adopt a rule that any significant increase in a statutory maximum sentence would trigger a constitutional "element" requirement. See Almendarez-Torres v. United States, 140 L.Ed. 2d 350, 370 (1998). However, the Court's response to the urgency of this rule was that "such a rule would seem anomalous in light of existing case law that permits a judge, rather than a jury to determine the existence of factors more severe than that faced by Petitioner [here]." citing Walton v. Arizona, 497 U.S. 639 (1990).

Today, the distinction relied upon in Walton between elements of an offense and sentencing factors is untenable as to the elevation of the maximum punishment. See Ring v. Arizona, 155 L.Ed. 2d 556, 574 citing Apprendi, 530 U.S. at 492 for the proposition that "the characterization of a fact or circumstance as an "element" or a "sentencing factor" is not determinative of the question "who decides," judge or jury.

Accordingly, and for this reason, the precedence set-forth in Ring v. Arizona, 536 U.S. 584 (2002) expands the concept of Apprendi v. New Jersey, id., in that its construction with Sixth Amendment jurisprudence ideally stretches to the point of creating a new statutory right under Title 18 U.S.C. §3553(b) which has

been newly recognized by the Supreme Court. See 28 U.S.C. §2255¶6(3).

The meaning of the new right created under §3553(b) is not trivia since the statute is derivative of the court's mandated authority to impose sentence under the United States Sentencing Guidelines. See <u>Mistretta v. United States</u>, 488 U.S. 361, 392 (1989); See also 18 U.S.C. §3553(b):

> "The Court shall impose a sentence of the kind and within the range, referred to in subsection (a)(4) <u>unless the court finds that there exists an aggravating or mitigating circumstance...</u>"

However, after <u>Ring</u> there is no doubt that "Capital defendants, no less than noncapital defendants, [are] entitled under the Sixth Amendment to a jury determination of any fact on which a legislature conditioned an increase in the defendants' maximum punishment." id. at 557. In this regard, §3553(b) obligating the court to impose sentence of the kind and within the range... now imposes an obligation, equally if not more obligatory, which is to say that it may not determine the existence of aggravating circumstances beyond the maximum punishment prescribed by the jury.

The relevance here is significant because the holding in <u>Ring</u>, as with its foundational underpinnings in the Sixth Amendment mets out new landscape in the interpretation of Title 18 U.S.C. §3553(b). See <u>Rogers v. Tennessee</u>, 532 U.S. 451, 461 (2001)(recognizing that statutes are subject to reinterpretation by courts); See also <u>United States v. Shelton</u>, 848 F.2d 1485 (10th Cir. 1998) ("a statute cannot mean one thing prior to the Supreme Court's

3

interpretation and something entirely different afterwards").

In this case, Petitioner's right being girded in the Sixth Amendment and after Ring v. Arizona, requires aggravating factors to be found by a jury. Emphatically stating, 'this functionally amends Title 18 U.S.C. §3553(b).' Therfore, the Court failing to allow the jury to return findings as to the aggravating circumstances violates Petitioner's right to a jury, a structural error that warrants a reversal. In the alternative, Petitioner's sentence must be vacated or corrected where aggravated findings exceed the maximum punishment found by the jury.

Furthermore, the Court in light of Ring v. Arizona, supra, must consider retroactive application where "the Court decides the meaning of a criminal statute enacted by Congress." See Bousley, 523 U.S. 614 at 620 (1998).

January 29, 04

Respectfully submitted,

James T. Marshall