UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

JAMES T. MARSHALL )
)
v. ) CIVIL ACTION NO. 04-10268-MLW
)
UNITED STATES OF AMERICA )

## GOVERNMENT'S OPPOSITION TO PETITIONER'S SUCCESSIVE MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

The government hereby opposes the motion of petitioner James T. Marshall ("Marshall"), filed pursuant to 28 U.S.C. §2255, to vacate, set aside, or correct sentence. As grounds therefor, the government states that this Court lacks jurisdiction to consider Marshall's successive §2255 motion without prior authorization from the Untied States Court of Appeals for the First Circuit, which authorization has not been obtained. Local Rule 22.2 of the Federal Rules of Appellate Procedure.

### Procedural History

On July 24, 1992, Marshall was arrested and charged in a federal criminal complaint with being a felon-in-possession of a firearm, in violation of 18 U.S.C. §922(g)(1). The offense conduct occurred on June 29, 1992. On August 11, 1992, Marshall was indicted for the offense charged in the complaint. Marshall pled guilty before this Court on June 24, 1993. On April 21, 1994, this Court found Marshall to be an armed career criminal under 18 U.S.C. §924(e)(1) (the "ACCA"), and sentenced him to the statutorily required mandatory minimum sentence of 15 years in prison.

Marshall, acting pro se, timely appealed this Court's order denying his motion to withdraw his guilty plea, which he had filed before sentencing. The First Circuit affirmed the judgment of this Court. United States v. Marshall, 45 F.3d 424 (1st Cir. 1995).

On or about April 14, 1997, Marshall, acting through counsel, filed a motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence. Marshall alleged that his ACCA sentence should be set aside because there were not the required three predicate offenses to invoke the ACCA enhancement. Alternatively, he alleged that his trial counsel was ineffective for not objecting to his sentencing under the ACCA. Finally, he alleged that his sentence should be vacated because he was not a convicted felon at the time he possessed the firearm in question on June 29, 1992, due to operation of the civil rights restoration provision of 18 U.S.C. §921(a)(20).

The government timely responded, with an allowed enlargement of time, to Marshall's motion on November 4, 1997. Marshall filed, through his counsel and with leave of court, a response to the government's opposition on July 23, 1998. He also amended at that time his §2255 motion to include a further allegation that his guilty plea in the district court was involuntary due to ineffective assistance of counsel. With further leave of court, Marshall submitted a pro se supplemental response to the government's opposition on October 22, 1998. On February 2, 1999,

and on April 13, 1999, he filed additional pro se supplements in support of his §2255 motion. On March 23, 1999, Marshall's counsel filed an additional memorandum in support of the §2255 motion.

After an argument hearing and additional briefing, on June 7, 2000, this Court issued a 21 page written decision, denying Marshall's §2255 motion. Marshall timely noticed an appeal, which he pursued pro se. On August 24, 2000, the district court allowed Marshall's motion for a certificate of appealability. On September 10, 2001, the First Circuit affirmed this Court's denial of Marshall's §2255 motion in an unpublished opinion. Marshall v. United States, 2001 WL 1085006 (1st Cir. 2001).

### Conclusion

As Marshall's current motion is a successive §2255 motion, he must first file a motion with the First Circuit for authorization to file his motion in this Court. Accordingly, this motion should be denied and this proceeding dismissed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Timothy Q. Feeley
TIMOTHY Q. FEELEY
Assistant U.S. Attorney

July 6, 2004

### CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by

3

depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

> James T. Marshall
> Reg. No 19130-038
> FCI-Fort Dix, West 5802
> P.O. Box 7000
> Fort Dix, NJ 08640

This 6th day of July 2004.

TIMOTHY Q. FEELEY
ASSISTANT UNITED STATES ATTORNEY